1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    UNITED STATES OF AMERICA,

9                    Plaintiff,
                                                      No. C06-621MJP
10           v.
                                                      ORDER GRANTING JUDGMENT OF
11    REAL PROPERTY LOCATED AT 19905 73rd            FORFEITURE
     AVENUE NE, KENMORE, WASHINGTON,
12   together with its Buildings, Improvements,
     Appurtenances, Fixtures, Attachments and
13   Easements,

14                   Defendant.

15

16          This comes before the Court upon the Government's unopposed motion for forfeiture of real

17   property located at 19905 73rd Avenue NE, Kenmore, WA ("the Property").  Upon review of the

18   record (Dk. Nos. 1, 7, 9, 12, 17, 18, 19, 20, 21, 23, 24, 26) and the documents submitted by the

19   parties in interest, the Court GRANTS the Government's motion.  Forfeiture is proper under 18

20   U.S.C. § 985 and Supplemental Maritime and Admiralty Claims Rule G, as the Government has

21   provided adequate notice of the forfeiture action and no claimant has filed a claim on the Property

22   within the time required by Rule G.

23

24

25

ORDER - 1

1

**Background**

2      On May 3, 2006, the Government brought this civil in rem forfeiture action against the

3  Property, alleging that the Property was used to grow marijuana and therefore is subject to forfeiture

4  under 21 U.S.C. § 881(a)(7).  The Government attempted to serve the forfeiture complaint on the

5  Property's owner, Joseph Dibee, but was unable to do so because Dibee is a fugitive whose

6  whereabouts are unknown.  The Government *did* successfully serve the complaint on Jeff Coles and

7  Maha Dibee Coles, who claimed Power of Attorney for Joseph Dibee.

8      Maha Dibee Coles filed a claim on the Property on July 9, 2006, but withdrew the claim on

9  March 29, 2007.  Washington Mutual Bank – a secured creditor with an interest in the Property –

10  also filed a claim, but withdrew this claim after reaching a settlement agreement with the Government.

11  There have been no other claims on the Property.

12      On April 4, 2007, the Government wrote to the Court acknowledging that it had failed to

13  timely publish notice of the forfeiture action as required by Supplemental Maritime and Admiralty

14  Claims Rule G(4)(a)(i).  The Government attempted to rectify this oversight by publishing notice in

15  the Daily Journal of Commerce on April 5, April 12, and April 19, 2007.  Nonetheless, the Court

16  ordered the Government to show cause why its belated publication should be considered acceptable

17  under Rule G.  The Government responded with a memorandum asserting that its belated publication

18  did not prejudice any potential claimants and thus should be excused.

19      On May 22, 2007, the Government filed the present motion for forfeiture.

20

**Discussion**

21      Under Supplemental  Maritime and Admiralty Claims Rule G(4)(a)(i), the Government must

22  publish notice of a forfeiture action "within a reasonable time after filing the complaint or at a time the

23  court orders."  In this case, the Government did not publish notice of the action until April 2007,

24  nearly one year after filing the forfeiture complaint.  This year-long delay is not a "reasonable time"

25

1  under Rule G(4)(a)(i).  However, the final clause of the Rule ("or at a time the court orders") allows a

2  court to modify the reasonable time standard, without apparent limitation.

3         In a related case under Rule G's predecessor, the Seventh Circuit held that courts should

4  liberally extend time deadlines under the Rule when a party misses those deadlines in good faith and

5  extending the deadlines would not prejudice opposing parties.  See United States v. U.S. Currency, in

6  the amount of $103,387.27, 863 F.2d 555, 563 (7th Cir. 1988).  Adopting these standards, this Court

7  concludes that the Government's failure to publish notice within a reasonable time was a good faith

8  error.  Moreover, the Government's delay apparently did not prejudice opposing parties, as no

9  additional parties have filed claims on the Property after the Government's belated publication.

10  Therefore, the Court concludes that the Government's publication was adequate under Rule

11  G(4)(a)(i), even though it was not filed within a reasonable time.

12         It appears that the Government has fulfilled all the other requirements for in rem civil

13  forfeiture.  The Government duly filed a complaint for forfeiture, posted a notice of the complaint on

14  the Property, and served the Property owner via publication as required by 18 U.S.C. §985(c).  The

15  complaint listed the required elements of Rule G(2), and the Government's publication – while belated

16  – satisfied all the other publication criteria of Rule G(4).

17         Under Rule G(5)(a)(ii)(B), any additional claimant would have to file a claim on the Property

18  within 30 days after the Government's final publication of notice.  This 30-day deadline has passed,

19  and there is no indication that any party wishes to file a claim on the Property or is in the process of

20  doing so.  Thus, this Court will grant the Government's unopposed motion for judgment of forfeiture.

21                                              **Conclusion**

22         Despite the Government's belated compliance with the publication requirement of Rule G, the

23  Court concludes that Government has adequately complied with the forfeiture requirements of that

24  Rule and the similar requirements of 18 U.S.C. § 985.  No claimant has challenged the Government's

25

1  forfeiture action, and the time for doing so has passed.  Therefore, the Court GRANTS the

2  Government's unopposed motion for judgment of forfeiture.

3

4          The Clerk is directed to send copies of this order to all counsel of record.

5          Dated: June 12, 2007.

6

7                                         /s/ Marsha J. Pechman
                                         Marsha J. Pechman
8                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 4